# UNITED STATES DISTRICT COURT FOR THE
## NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| **RICHARD E. WARZYNSKI,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| **v.** | )      **Case No. 09-CV-0557-CVE-FHM** |
| | ) |
| **VITAL RECOVERY SERVICES, INC. and** | ) |
| **NISSAN MOTORS ACCEPTANCE** | ) |
| **CORPORATION,** | ) |
| | ) |
| **Defendants.** | ) |

## OPINION AND ORDER

Now before the Court is Defendant Nissan Motors Acceptance Corporation's Motion to Dismiss and Supporting Brief (Dkt. # 21).  Defendant Nissan Motors Acceptance Corporation (Nissan) argues that it is not a debt collector under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. (FDCPA), and plaintiff may not assert an FDCPA claim against it.  Nissan also argues that the Fair Credit Reporting Act, 15 U.S.C. § 1681s-2 (FCRA), does not create a private right of action against furnishers of allegedly inaccurate credit information, and plaintiff may not pursue a claim against Nissan based on an alleged violation of this statute.  Plaintiff has not responded to defendant's motion.

Plaintiff filed this case in Tulsa County District Court, Oklahoma alleging that Nissan and Vital Recovery Services, Inc. (Vital) violated the FDCPA and FCRA.  He claims that he leased a vehicle from Nissan and, at the end of the lease, returned the vehicle to Nissan with minor damage that should have been classified as "ordinary wear and tear."  Dkt. # 2-2, at 1-2.  Instead, he claims that Nissan attempted to bill him $480 to repair the damage and he refused to pay the bill.  Nissan referred the outstanding repair bill to a collection agency, Vital, and Vital attempted to collect the bill from plaintiff.  Plaintiff claims that he sent a letter to Vital disputing the debt and demanded

validation of the debt as permitted by the FDCPA. Id. at 2. He further alleges that the Vital reported the $480 as a "charge off," instead of a "disputed debt," and his credit has been damaged. Plaintiff alleges that defendants violated the FDCPA and FCRA and are liable to him in an amount in excess of $10,000.[1] Id.

Nissan filed a motion to dismiss both of plaintiff's claims, and plaintiff has not responded to the motion to dismiss. Under LCvR 7.2(f), a court may deem an unopposed dispositive motion confessed if the party opposing the motion has not filed a response and the response is more than 14 days overdue. In this case, plaintiff's response to defendant's motion to dismiss was due on December 1, 2009, and plaintiff has not filed a response. More than 14 days have passed since plaintiff's response was due and the motion to dismiss is deemed confessed under LCvR 7.2(f). The Court has also independently reviewed the motion to dismiss and finds that it should be granted.

Nissan does not qualify as a "debt collector" under the FDCPA and plaintiff does not have an FDCPA claim against Nissan. "The FDCPA applies only to 'debt collectors' seeking satisfaction of 'debts' from 'consumers'; it does not apply to 'creditors.'" McKinney v. Cadleway Props., Inc., 548 F.3d 496, 501 (7th Cir. 2008). The FDCPA defines "debt collector" as "any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another." 15 U.S.C. § 1692a(6). A "creditor" is defined as "any person who offers or extends credit creating a debt or to whom a debt is owed . . . ." 15 U.S.C. § 1692a(4). Nissan is the actual creditor who initially demanded payment

---

[1] The specific statutory citations provided in the petition are inaccurate. Plaintiff claims that defendants violated 15 U.S.C. §§ 623 and 809, but these statutes do not exist. See Dkt. # 2-2, at 2. It is clear that plaintiff intended to cite the relevant provisions of the FDCPA and FCRA, and the Court will assume that plaintiff intended to assert claims under both statutes.

from plaintiff and is not a "debt collector" as that term is defined by the FDCPA.  Dkt. # 2-2, at 2.

Therefore, plaintiff may not assert an FDCPA claim against Nissan.

Nissan also argues that the FCRA does not provide a private right of action against a furnisher of allegedly inaccurate credit information.  The FCRA does impose a duty on furnishers of credit information to refrain from reporting inaccurate information to a credit reporting agency.  15 U.S.C. § 1681s-2.  However, the FCRA does not create a private right of action for a consumer against an entity that allegedly furnishes incorrect information to a credit reporting agency.  See Wenner v. Bank of America, NA, 637 F. Supp. 2d 944, 951 (D. Kan. 2009); Llewellyn v. Shearson Financial Network, Inc., 622 F. Supp. 2d 1062, 1072 (D. Colo. 2009); Whisenant v. First Nat'l Bank and Trust Co., 258 F. Supp. 2d 1312, 1316-17 (N.D. Okla. 2003).  Plaintiff claims that Nissan referred a debt to Vital for collection without noting that the debt was disputed, and this information was inaccurate.  Dkt. # 2-2, at 2.  He further alleges that Vital reported the debt to a credit reporting agency as a "charge off."  Id.  Plaintiff's claim against Nissan is simply that it furnished inaccurate information to Vital, and this information was eventually reported to a credit reporting agency by Vital.  The FCRA does not create a private right of action for this type of claim, and plaintiff's FCRA claim against Nissan should be dismissed.

**IT IS THEREFORE ORDERED** that Defendant Nissan Motors Acceptance Corporation's Motion to Dismiss and Supporting Brief (Dkt. # 21) is **granted**.  A separate judgment of dismissal is entered herewith.

**DATED** this 16th day of December, 2009.

CLAIRE V. EAGAN, CHIEF JUDGE
UNITED STATES DISTRICT COURT